Lee MOORE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16695.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1971.

Curtis Parks, Public Defender, Andrew T. Dalton, Jr., Appellate Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Lee Moore, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County of the offense of Larceny of a Motor Vehicle; his punishment was fixed at five years imprisonment; the judgment and sentence was deferred. Thereafter, application was made to accelerate the sentence, and after hearing evidence, the sentence was accelerated and imposed, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The evidence at the non-jury trial consisted of the owner of a 1964 Honda and his neighbors. They testified that the defendant was observed, along with others, taking the Honda without permission. The Honda was subsequently found wrecked.

The defendant denied taking the Honda, and said that he was at another place at the time it was taken. The co-defendants, juveniles, testified that the defendant was not with them at the time.

The trial court found the defendant guilty, and after receiving a pre-sentence report, placed the defendant on probation. Thereafter, the court heard evidence on the Motion to Advance the Deferred Sentence. The evidence reflected that the defendant had not maintained his schooling, did not obey his curfew, was a suspect in a subsequent automobile theft, and was in a coun-

ty outside of Tulsa without permission of the Probation Office.

The sole proposition of error asserts that the punishment is excessive. This Court has consistently held that it does not have the authority to modify a sentence, unless we can conscientiously say under all the facts and circumstances that the sentence was so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. We cannot conscientiously say that the sentence imposed in the instant case shocks the conscience of this Court. The defendant was given the opportunity to serve the sentence under conditions of probation, and he chose not to obey the said conditions. He should not now be allowed to complain.

The record is free of any error which would require reversal or justify modifications; the judgment and sentence is affirmed.

BRETT, and NIX, JJ., concur.